———<oo>———

JOHN P. ROUTSONG *et als.*, Defendants in Error, *v.* ADAM WOLF, Plaintiff in Error.

*Constitution—Retrospective Laws.*—An act of the General Assembly, declaring a deed, previously executed by a person of unsound mind, to be legal and binding, is retrospective in its operation, and void. (Const., Art. XIII., § 17.)

*Error to Cole Circuit Court.*

This was a suit commenced by John P. Routsong and others against Adam Wolf, in the Cole Circuit Court, on a contract entered into by plaintiffs and defendant for the conveyance, in fee simple absolute, of certain real estate, situate in the county of Cole, by plaintiffs to defendant, on the payment by defendant to plaintiffs of thirty-three hundred and thirty dollars, &c. The petition also stated that plaintiffs " have in court here a good and sufficient warrantee deed of the real estate agreed to be conveyed by said contract" to defendant, and prayed for judgment for said balance due and interest thereon, and that the equity of redemption of defendant in said real estate be foreclosed, or so much thereof as might be sufficient to pay off said judgment and for other proper relief.

Defendant filed his answer. Defendant admits he and the plaintiffs, except Martha E. Routsong, John S. Fleming and Barbara C. Routsong, entered into a contract containing the stipulations and conditions set out in plaintiffs' petition, and that he made the payments thereon as stated; he also admitted that the name of Barbara C. Routsong appeared in said contract as a party executing same; but defendant alleged that, at the time of signing the same by her, she was

and still is a person of unsound mind, and laboring under a mental derangement so as to render her incapable of comprehending the nature of the said contract; and that as to the said Barbara C. Routsong, the said contract and transaction was void and of no effect.

Defendant alleged that the plaintiff Sarah J. Routsong was an infant under the age of twenty-one years, and that therefore the plaintiffs could not make a good and sufficient warrantee deed to said real estate; and that the instrument that plaintiffs brought into court was not a good and sufficient deed.

Defendant offered to surrender to plaintiffs the possession of the real estate and premises described in said contract, and prayed judgment that the contract be rescinded, and also for the amount paid by him. The cause was submitted to the court.

The allegations set up in defendant's answer were admitted by the plaintiffs to be true, as to the non-age and insanity of two of the plaintiffs. The plaintiff read in evidence an act of the General Assembly of the State of Missouri, to-wit:

"An act entitled an act to authorize and empower Sarah J. Routsong to make a deed to certain real estate. Whereas, on the 8th day of October, in the year of our Lord one thousand eight hundred and fifty-seven, Catherine Routsong, Samuel A. Routsong, Barbara C. Routsong, Eliza P. Routsong, John P. Routsong, Susan E. Routsong, and Sarah J. Routsong, did bargain and sell to one Adam Wolf, the following real estate in Cole county, Missouri, to-wit (description is herein omitted); and whereas the purchase money is now due and payable; and whereas a deed cannot be made to said real estate because of the non-age of the said Sarah L. Routsong, who is now about eighteen years old; therefore, be it enacted by the General Assembly of the State of Missouri, as follows: § 1. That Sarah L. Routsong is hereby authorized and empowered to make, execute and deliver a deed to the real estate above mentioned, which, when done according to law, shall be valid and binding. § 2. This

act to take effect and be in force from and after its passage. Approved March 17, 1863."

To which defendant objected, as the objection was overruled, and defendant excepted.

The plaintiffs also read in evidence the following act:

"An act legalizing certain acts of Barbara C. Routsong of Pettis county. Be it enacted by the General Assembly of the State of Missouri, as follows: § 1. That a deed made by Barbara C. Routsong of Pettis county, together with other parties, to one Adam Wolf of Cole county, for, &c., is hereby declared to be legal and binding to all intents and purposes. § 2. This act to take effect and be in force from and after its passage. Approved January 26, 1864."

To this also defendant objected. The defendant asked the court to declare the law as follows:

1. That the act of the General Assembly of the State of Missouri, purporting to authorize the said Sarah L. Routsong to make a deed for the land in said act described is void, and did not authorize her to make defendant a good and sufficient deed for said land; nor is she bound by the provisions of said act, nor did the provisions of said act empower the said Sarah L. Routsong to make a valid and binding deed for said land.

2. That the act of the General Assembly of the State of Missouri, purporting to legalize certain acts of Barbara C. Routsong read in evidence, is void and of no effect, and did not and could not make legal and binding the so-called deed of the said Barbara C. Routsong in said act.

3. The act of the General Assembly read in evidence by plaintiffs, referred to in the last instruction (number 2), is retrospective in its operation and therefore void.

4. That the act of the General Assembly read in evidence by plaintiffs, authorizing the said Sarah L. Routsong to make a deed to said lands, is retrospective in its operation and therefore unconstitutional and void.

The court refused the instructions and defendant excepted.

Routsong et als. v. Wolf.

The court then found the issues and gave judgment for the plaintiffs.

*Edwards* and *E. B. Ewing*, for plaintiff in error.

The acts of the Legislature, read in evidence, are an exercise of judicial power and void. (Art. 2 & Art. 5, § 1, Con. of Mo.; State use, &c., v. Fry et als., 4 Mo. 120; State v. Sloss, 25 Mo. 291; Jones v. Perry, 10 Yerg. 59; Officer v. Young, 5 Yerg. 320; Rice v. Parkman, 16 Mass. 326; 11 Mass. 400; Picquet, appt. 5 Pick. 65; Lewis v. Webb, 3 Greenl. 326; 4 Greenl. 140; Stanford v. Barry, 1 Aik. 315; Ward v. Barnard, 1 Aik. 121; Bates v. Kimball, 2 Chip. R.; Young v. State Bank of Ind., 4 Ind. 301; Crane v. Maginnis, 1 Gill. & J. 463; Edwards v. Pope, 3 Scam. 465; Lane v. Dorman, 3 Scam. 238; 12 Ala. 369; opinion, 4 N. H. 572; Lanier v. Gallatin, 13 La. 176; Sedg. Const. L. 167 to 172.)

The said acts are retrospective in their operation, and impair the obligation of the contract between the parties. (Art. 13, § 17, Const. See authorities above cited.)

If the acts referred to could not give validity to the deeds of the parties therein named, the contract sued on is such that a court ought not and could not enforce it against the defendant. One of the plaintiffs being an infant, specific performance will not .be decreed, where one party only is bound by the agreement. (2 Hill. Vend. 435, 307, 189; Flight v. Balland, 4 Russ. 298; Adams' Eq. 82:)

The insanity of one of the plaintiffs at the time the contract was executed being admitted, (and being presumed to continue and exist at the time of execution of deed,) such contract ought not to be enforced against defendant Wolf, whether it was void or merely voidable. If void, of course the party was not bound, and no action could be maintained upon it; if voidable at the election of the party or his representatives,.it should not be enforced for want of mutuality. (Authorities above cited.)

The purchaser has a right to a title, clear of all defects

and encumbrances; (Raw. Cov. 566; South v. Drake, 5 Barn. & Adolph, 999;) and it follows that a court of equity will not decree the specific performance of a contract, where the title is bad or even doubtful. (Raw. Cov. 566, note 4.) A party contracting for the entirety of an estate will not be compelled to take an undivided aliquot part of it. (2 Sto. Eq. § 778; Dalby v. Pullen, 3 Sim. 29.)

*J. L. Smith*, for defendants in error.

I. The Circuit Court committed no error in permitting plaintiffs to read the two acts of the General Assembly respectively. These acts are constitutional, and do not come within the meaning and prohibition of § 10, Art. I. of the Constitution of the United States, or § 17, Art. XIII. of the Constitution of this State.

The contract for sale and purchase of said real estate by plaintiffs and defendants was an executory contract, and these two acts enabled the parties to execute said contract according to its terms and stipulations. It is true these acts were somewhat in the nature of retrospective laws; but do they impair the obligation of the contract between the parties, or do they enable the parties to complete and perfect said contract in accordance with its terms? Then it is insisted that if these acts enabled and empowered the plaintiffs to comply with the condition of said contract on their part, and thereby enabled the parties to execute said contract on both of their parts, they are not within the meaning and intent of the prohibitions of either the national or State constitutions, even though they are in the nature of retrospective laws.

Then why will not the same legal doctrine take these acts out of the prohibitory clause? It is clear that these acts, though retrospective in their operation, do not impair the obligation of the contract between the parties; then they can not be unconstitutional unless they are *ex post facto* in their nature. (Calder v. Bull, 3 Dal. 390.)

These acts, then, do not belong to any one of the preced-

ing classes, and are not *ex post facto*, and are not therefore unconstitutional.

II. It may be insisted that Sarah L. Routsong being a minor under twenty-one years of age, and Barbara C. Routsong being a person of unsound mind, had no capacity or power to make a contract; and that these acts of the Legislature, in their retrospective operation, divested these persons of their vested rights in said real estate, and are therefore unconstitutional and void.

It has been held that a State law may divest vested rights by its retrospective operation, and yet not violate the Constitution of the United States. (Charles River Bridge, v. Warren Bridge, 11 Pet. 536; Webb v. Den, 17 How. 576; Wilkinson v. Leland, 2 Pet. 653 ; 2 Sto. Const. 251.)

Grant that Sarah L. Routsong was a minor at the time of entering into said contract with Wolf, yet he could not avoid that contract on a legal proceeding by her against him for its enforcement. (1 Pars. on Cont. 275, 277, 544 & 545.) She might have avoided the contract in the absence of this act of the General Assembly, but that act made her an adult as to this contract. Even though Barbara C. Routsong was a person of unsound mind at the time of the signing of said contract, yet if the contract was made in good faith by Wolf, and was of benefit to her, a court of equity will not interfere with said contract. (Jones v. Perkins, 5 Mon. 225.)

The law will not, under such circumstances, permit a person who contracts with a person who is *non compos mentis*, to stultify himself by pleading the same in avoidance of such contract on a proceeding against him thereon by such person of unsound mind.

BATES, Judge, delivered the opinion of the court.

The petition shows that the plaintiffs sold the defendant a tract of land, and bound themselves to make to him a good and sufficient warrantee deed therefor whenever he should pay the plaintiffs $2,330 in addition to $1,000 which he had already paid them; and the defendant bound himself to pay

the plaintiffs said sum of $2,330 as follows—$500 on the first day of March, 1858; $915 on the first day of March, 1859, and $915 on the first day of March, 1860, with interest; that defendant had paid a portion of said sums and refused to pay the balance, and that plaintiffs bring into court a good and sufficient warrantee deed to the defendant, and ask judgment for the balance unpaid of the price of the land, with the enforcement of their vendor's lien upon the land therefor.

The defendant answered that the deed was insufficient, because one of the plaintiffs who made the deed was an infant under the age of twenty-one years, and another of them was insane.

At the trial, the plaintiffs gave in evidence two acts of the General Assembly; one of them authorized the infant plaintiff to execute a deed for the land mentioned; the other is as follows: "That a deed made by Barbara C. Routsong of Pettis county, together with other parties, to one Adam Wolf of Cole county, for the land (with full description), is hereby declared to be legal and binding to all intents and purposes." Both of these acts were objected to upon the ground that they violated the constitution and were void. The objections were overruled and they were admitted, and judgment was given for the plaintiffs. It is perfectly clear that the act legalizing the deed made by Barbara C. Routsong, quoted above, is retrospective in its operation, and was therefore forbidden by the constitution and is void.

This decision disposes of the case as presented, and it is unnecessary to notice other questions presented and argued.

Judgment reversed and cause remanded.    Judge Dryden concurs; Judge Bay absent.